## AIR-WAY ELECTRIC APPLIANCE CORPORATION v. WOLFE.
### No. 557.

Circuit Court of Appeals, Tenth Circuit.
June 18, 1932.

A. A. Davidson, of Tulsa, Okl., for appellant.

Before LEWIS and COTTERAL, Circuit Judges, and VAUGHT, District Judge.

LEWIS, Circuit Judge.

Appellant, a Delaware corporation with its principal place of business located in Ohio, and appellee entered into a written agreement on July 1st, 1930, by which appellee was designated as "distributor" in described parts of Oklahoma of patented articles manufactured by appellant known as electric cleaners. The agreement according to its terms reserved to each party the right to terminate it any time upon giving to the other not less than ten days written notice. Appellee was given the authority to designate retail dealers in the articles at different places in the named territory. The agreement was to terminate according to its terms at the end of the following December and extend thereafter from year to year, unless sooner terminated under its provisions. The articles to be sold were to be shipped as needed and held for distribution to purchasers to be obtained. The distributor's compensation was to be a designated part of the net profits. On termination of the agreement articles on hand were to be turned over to appellant who was designated in the contract as "seller" or to an officer of appellant as it should nominate. Appellee succeeded a prior distributor and continued the business for which he was engaged under the name of the "Air-Way Branch of Tulsa," as the contract required him to do, from July 1st, 1930, down to March 6, 1931, when by written notice he terminated it. The contract provided that "the distributor shall not during the period of two years next after the expiration or any termination hereof, engage directly or indirectly, as principal, agent, manager, dealer, salesman or otherwise, in any part of the United States, in the sale of

portable electric cleaners and shall not disturb, hire, entice, or otherwise persuade any of the members of such organization to discontinue the services then being rendered by them severally, or to enter into employment or service with or under the distributor in any other enterprise in which the distributor may or shall engage within the period of three years next ensuing."

Appellant brought this suit charging that appellee after termination of the contract accepted employment at Tulsa with the Health-Mor Sanitation Systems which sells electric cleaners in competition with plaintiff, appellant here, and that he had induced several employees of the organization that had been formed to sell appellant's goods while he was distributor for appellant to quit said organization and take employment with the competing company, that he had also induced retail dealers in appellant's goods to take its competitor's goods instead, and it prayed for injunction against appellee restraining him from engaging or continuing to engage in the sale or distribution of the cleaners of its competitor during a period of two years from and after March 6, 1931, and to further restrain him from disturbing, hiring, or persuading any employees or members of the organization handling appellant's goods from quitting said organization.

The bill alleges that prior to making the contract with appellee the business had been conducted by other distributors, and "That at the time of the making of said agreement with the said defendant (appellee), the plaintiff, having acquired the said business theretofore conducted as aforesaid under the trade name 'Air-Way Branch of Tulsa,' together with all stocks of merchandise on hand in the possession of the said outgoing distributor Ross, the office furniture and equipment, and all other properties belonging thereto, including the good will thereof and the premises at and from which said business had theretofore been conducted, sold and delivered the same to the said defendant."

It is alleged that appellee had a right to terminate the contract, which he did by serving written notice on appellant. The notice is set out in the bill. Appellee resigned "as manager of the Air-Branch of Tulsa." It is then alleged: "That immediately following the delivery of said notice of termination of said agreement, the defendant, pursuant to the terms of the agreement, plaintiff's Exhibit 1 attached hereto, did sell and deliver to the plaintiff the business theretofore conducted by the defendant under the name 'Air-

Way Branch of Tulsa,' together with the premises at and from which the same had been conducted and the office furniture, fixtures, records, good will and other properties belonging to said business;" that defendant at the time he resigned had certain employees, to-wit, Martha Kelley, Ed Bernsden, and eight named retail dealers. It is alleged that some of these were induced by appellee to enter the service of a competing company; "that by reason of the termination of said agreement, plaintiff's Exhibit 1, by the defendant as aforesaid, it became necessary for plaintiff, for the purpose of maintaining the said outlet for goods of its manufacture and for the maintaining of service to the users of its said products in said territory, to appoint a new distributor, in said territory in the place of the defendant, and that plaintiff, immediately and on the said 6th day of March, 1931, appointed the said Virgil W. Smith, theretofore operating as a dealer under said defendant, to be its distributor, and the said Smith purchased from the plaintiff the said business and the good will thereof, together with stocks of merchandise and all other properties pertaining thereto, and has, since said date, continuously down to the present time, operated the said business in said territory under the name 'Air-Way Branch of Tulsa.' "

Obviously under these and other allegations the employees, whom it is alleged appellee induced to enter the service of the competing company, were appellee's servants on March 6th when it is alleged he sold the business to appellant, and, so far as the bill shows, they may have gone at once with appellee into the service of appellant's competitor. If not and they remained for awhile, they became presumptively the servants of Virgil Smith. There is no allegation that any of the servants, who were induced to quit, were the servants of appellant, and from the allegations it must be concluded that the retail dealers were independent dealers under no contractual obligations to continue to handle appellant's goods exclusively. There are seeming contradictions in the bill, but that is not a surprise to one who reads the contract on which it is based. In some parts it makes the so-called distributor a mere sales agent, in other parts it attempts to make him a purchaser of appellant's goods and of its business in particular localities and to hold him responsible as such. Its extreme length is attributable to these contradictory purposes.

The bill was dismissed on motion of defendant below, and the plaintiff has brought this appeal. The dismissal was on the ground, as stated by counsel for appellant, that the claimed restraint in the contract from engaging in other service in competition with appellant was in conflict with the Oklahoma statutes and rendered the contract in that respect void as in violation of the state's public policy. The Oklahoma statutes (Compiled Oklahoma Statutes 1921) in the respect stated read thus:

Sec. 5071. "Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void."

Sec. 5072. "One who sells the good-will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county * * * or part thereof, so long as the buyer, or any person deriving title to the good-will from him carries on a like business therein."

Accepting the allegations of the bill that appellee owned the business and sold it and its good will to appellant, this suit can not be maintained by appellant to enjoin appellee from engaging in a competitive business, because it immediately sold the business and its good will to Smith, who still owned it at time of suit.

To sustain the other relief sought appellant cites authority applying the common law rule that an employer may have relief against third persons for enticing away his servants, and that such relief at law would not in this case be speedy and adequate. We need not discuss the rule and its limitations. It is not claimed that appellee had induced or was threatening to induce appellant's servants to leave its employ. It is alleged in substance that they were members of an organization through which appellant disposed of its goods to ultimate consumers, but that organization, according to the bill, belonged to Smith; and it is not charged that he broke his contract with appellant because of appellee's alleged conduct. The members of the so-called organization were the servants of Smith so long as they remained with it. The contract gave him the power to select them, and impliedly the concomitant power of discharge. There is no merit in the bill.

Affirmed.